IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER DEVELOPMENT AND INVESTMENT, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:04-CV-0405-L |
| EQUITILINK, L.L.C., et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed August 11, 2005. Plaintiff Premier Development and Investment, Inc. ("Plaintiff" or "Premier"), filed its original petition in state court on January 22, 2004. Premier sued Equitilink , L. L. C. ("Equitilink"), James Mahoney ("J. Mahoney"), Thomas Mahoney ("T. Mahoney"), and Shamrock Holdings ("Shamrock") (collectively "Defendants") for breach of contract. Defendants were served with process and filed their original answer on February 20, 2004. The case was removed to federal court on February 25, 2004.

On May 5, 2005, the court granted Defendants' Motion to Withdraw as Counsel, and ordered Defendants to retain new counsel by June 6, 2005, and cause counsel to enter a written appearance with the clerk of this court. The court advised Defendants that if they failed to comply, their defenses would be stricken without further notice, and that the court would conduct further proceedings, such as entry of a default judgment in accordance with the applicable law. Defendants did not retain counsel and on July 28, 2005, the court struck Defendants' Original Answer and held Defendants in default. The court determines that its order of July 28, 2005, was overly broad, as the

court's order should have been restricted to corporate defendants Equitilink and Shamrock.[1] Accordingly, the court **vacates** that portion of its July 28, 2005 order striking Defendants' Original Answer insofar as it pertains to Defendants James Mahoney and Thomas Mahoney and holding them in default. Defendants' Original Answer is **stricken as to Equitilink and Shamrock only and the court holds Equitilink and Shamrock in default**. The court **reinstates** Defendants' Original Answer to the extent it relates to Defendants James and Thomas Mahoney.

The court accepts as true the well-pleaded allegations of Plaintiff's Original Petition, Motion for Default Judgment and Appendix to Plaintiff's Motion for Default Judgment. The record reflects that on October 1, 2003, Premier contracted with Equitilink for Equitilink to assist them in a strategic investor relations campaign. *See* Plaintiff's Original Petition at 2. James Mahoney and Thomas Mahoney are the owners of Equitilink and Shamrock. Plaintiff's App. at 31. As consideration, Equitilink received an initial payment of 600,000 common shares of Premier and a promise for an additional 200,000 after the commencement of the third month of service. Plaintiff's Original Petition at 2. Premier terminated the contract on November 17, 2003, for non-performance. *Id.* The Appendix attached to Plaintiff's Motion for Default Judgment sets forth the amount of damages incurred. Premier suffered economic damages in the amount of $810,000 — 600,000 shares paid to Equitilink multiplied by $1.35 (3-day average closing price on September 1, 2004). Plaintiff's App. at 11, 28. The court finds this amount reasonable.

Premier also sets forth a claim for $50,000 in attorney's fees. This claim for attorney's fees is based on the affidavit of Plaintiff's attorney Andrew L. Jones. Plaintiff's App. at 29. Mr. Jones

---

[1] Although individual defendants may proceed *pro se,* a corporation is not permitted to do so. *See Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc., v. General Motors Acceptance Corp.* 652 F.2d 398, 399 (5th Cir. 1982)).

**Memorandum Opinion and Order - Page 2**

avers that he spent 200 hours prosecuting this case at the rate of $250 per hour. Although Mr. Jones did not state the length of time he has been practicing law, information retrieved from the State Bar of Texas indicates he has been a lawyer since November 3, 1999.[2] Mr. Jones did not include invoices, time records, or other information for the court to determine the reasonableness and necessity of his services.

Moreover, Plaintiff has requested $50,000 in attorney's fees for the *entir*e case. The court has corrected that portion of its order of July 28, 2005 that held the individual Defendants in default. The court has no time records or billing statements and cannot ascertain whether the entire $50,000 should be awarded or adjusted because of time spent on matters related solely to the individual Defendants. Accordingly, Plaintiff shall file a supplement to its motion for default judgment with respect to attorney's fees and provide the court with information that supports its request for the entire $50,000. If Plaintiff contends that it is entitled to the entire $50,000 because the individual Defendants are owners of the corporate Defendants and that their activities are so intertwined and interrelated to those of the corporate Defendants as to be inseparable, Plaintiff must specify the facts supporting such contention.

After careful consideration of Plaintiff's motion, the record and applicable law, the court **grants** Plaintiff's Motion for Default Judgment against Defendants Equitilink, L.L.C. and Shamrock

---

[2]The court takes judicial notice of the State Bar of Texas information regarding Mr. Jones pursuant to Fed. R. Evid. 201, as it meets the standard set forth in the rule.

**Memorandum Opinion and Order - Page 3**

Holdings.[3] Once the court receives the supplemental information, it will issue judgment, as appropriate, pursuant to Fed. R. Civ. P. 58.

**It is so ordered this** 13th of September, 2005.

                                      Sam A. Lindsay
                                      United States District Judge

---

[3] The judgment will be joint and several as to Equitilink and Shamrock.

**Memorandum Opinion and Order - Page 4**