IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMIER DEVELOPMENT AND INVESTMENT, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:04-CV-0405-L |
| EQUITILINK, L.L.C., et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Premier Development and Investment, Inc.'s ("Premier") Second Supplement to Plaintiff's Motion for Default Judgment and Application for Attorney's Fees, filed December 5, 2005. On September 13, 2005, the court filed its opinion and order granting Premier's motion for default against Defendants Equitilink, L.L.C. and Shamrock Holdings. The court did not hold the individual Defendants, James Mahoney and Thomas Mahoney, in default  The court also directed Premier to file a supplement to its motion for default judgment with respect to attorney's fees and to provide the court with information that supported its request for $50,000, including any adjustments for time spent on matters related solely to the individual Defendants.  The court specifically directed Premier that if it was its contention that it was entitled to the entire $50,000 in attorney's fees because the individual Defendants are owners of the corporate Defendants, and that their activities were so intertwined and interrelated to those of the corporate Defendants as to be inseparable, then Premier was to specify the facts supporting such contention. Premier supplemented its motion for default on November 28, 2005. The supplement, however, did not

specify facts that the individual Defendants and corporate Defendants were so intertwined and interrelated as to be inseparable. Premier thus filed its second supplement to its motion for default.

Premier has submitted the affidavit of its attorney Andrew L. Jones. Mr. Jones has submitted statements reflecting that he spent 211.4 hours prosecuting this case at the rate of $250 per hour. The statements also reflect expenses in the amount of $8,762.98. Mr. Jones avers that he has been licensed to practice law since 1999.

The court has experience in setting attorney's fees in cases for attorneys with the level of experience, competence, ability, skill and years of practice of Mr. Jones in the Dallas legal market. The court determines that an hourly rate of $250 is reasonable for an attorney with Mr. Jones's ability, competence, experience and skill, and is well within the range of the normal and customary hourly fee charged by an attorney in the Dallas legal community. The court also determines that, based on what has transpired in this case, 211.4 hours expended by Mr. Jones were reasonable and necessary for the prosecution of Premier's claim. Accordingly, the total of attorney's fees and expenses incurred by Mr. Jones is $61,612.98.

Mr. Jones also asserts that the individual Defendants, James J. Mahoney and Thomas M. Mahoney are the owners of Equitilink, L.L.C. and Shamrock Holdings, and that their activities are so intertwined and interrelated as to be inseparable. In his affidavit, Mr. Jones specifies facts to support this contention. The court agrees and finds that the activities of the individual Defendants and corporate Defendants are so intertwined and interrelated as to be inseparable. The court determines that no adjustment is necessary for time spent on matters related to the individual Defendants, and Premier is therefore entitled to entire amount of attorney's fees. Premier has also submitted the affidavit of its attorney Eric D. Fein, who filed a notice of attorney appearance in this

**Memorandum Opinion and Order - Page 2**

case on November 28, 2005. Mr. Fein's hourly rate is $300 per hour; and Vickie Brandt's, an associate of the firm, hourly rate is $250,00 per hour. Mr. Fein has submitted a statement that reflects a total of $4,963.96 incurred for professional services provided by Eric D. Fein, P.C. & Associates. A breakdown of the statement reflects 3.30 hours of professional services provided by Mr. Fein ($990); 15.70 hours of professional services provided by Ms. Brandt ($3,925); and $48.96 in miscellaneous expenses.

Mr. Fein avers that he has been licensed to practice law since 1980. The court determines that an hourly rate of $300 is reasonable for an attorney with Mr. Fein's ability, competence, experience and skill, and is within the range of the normal and customary hourly fee charged by an attorney in the Dallas legal community.

Ms. Brandt was licensed to practice law on November 2, 2001. The court finds that an hourly rate of $250 per hour for an attorney who has been practicing for less than five years exceeds what it considers to be reasonable. The court has experience in setting attorney's fees in cases for attorneys with the level of experience, competence, ability, skill and years of practice of Ms. Brandt in the Dallas legal market. The court determines that an hourly rate of $225 is a reasonable rate for an attorney with Ms. Brandt's ability, competence, experience and skill, and is well within the range of the normal and customary hourly fee charged by an attorney in the Dallas legal community with the level of ability, competence, experience and skill of Ms. Brandt. The court therefore adjusts Ms. Brandt's hourly rate accordingly for this case.

Mr. Fein's statement reflects that his firm spent 19 hours prosecuting this case. Given the court's knowledge of what is a reasonable hourly rate for an attorney with Mr. Fein and Ms. Brandt's abilities, competence, experience and skill; its familiarity with what has transpired in this

case; and its experience in setting attorney's fees in other cases, the court determines that the 19 hours expended by Eric D. Fein, P.C. & Associates were reasonable and necessary for the prosecution of Premier's claim. Accordingly, including the court's adjustment of Ms. Brandt's hourly rate, the total of attorney's fees and expenses incurred by Eric D. Fein, P.C. & Associates is $4,571.46.

After careful consideration of Premier's Second Supplement to Plaintiff's Motion for Default Judgment and Application for Attorney's Fees, the record and applicable law, the court **grants** Plaintiff's Motion for Default Judgment against Defendants Equitilink, L.L.C. and Shamrock Holdings for the sum of $66,184.44 in attorney's fees.[*] This amount is in addition to the court's determination in its September 13, 2005 order that Premier suffered $810,000 in damages for Defendants Equitilink, L.L.C. and Shamrock Holdings' breach of contract. The court will issue judgment in accordance with this order by separate document pursuant to Fed. R. Civ. P. 58.

**It is so ordered** this 17th day of February, 2006.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

---

[*]The judgment will issue jointly and severally as to Equitilink, L.L.C. and Shamrock Holding.

**Memorandum Opinion and Order - Page 4**